NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
SHAHEEN P. TORGOLEY
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6059
Shaheen.Torgoley@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LOUIS FAHIM SENEGAL,<br><br>  Defendant. | 2:19-CR-062-APG-DJA<br><br>**Stipulation to Modify the Plea Agreement as to Louis Fahim Senegal and Order** |

The United States of America and Louis Fahim Senegal, and his counsel, Raquel Lazo, agree as follows:

1. The government and Louis Fahim Senegal seek to modify the Plea Agreement (ECF No. __) only as to the property listed for forfeiture. The Plea Agreement will remain in effect as to all other aspects of the agreement.

2. The defendant knowingly and voluntarily agrees to the forfeiture of the property and the imposition of the forfeiture of the property as set forth in this Stipulation to Modify the Plea Agreement and the Forfeiture Allegations of the Superseding Criminal Indictment.

3. The defendant understands that the district court will impose forfeiture of the property.

4. Louis Fahim Senegal admits that from November 28, 2018, until his arrest on April 1, 2019, he conspired to distribute marijuana in Nevada and elsewhere. This conspiracy aimed to sell marijuana, primarily in Nevada, from what appeared to be a

licensed marijuana delivery business: the "Marijuana Delivery Line." In actuality the business was unlicensed and therefore could not sell or deliver marijuana, legally, pursuant to Nevada's sale of marijuana laws. A quantity of cash, totaling $47,743.31, seized by police from Mr. Senegal's apartment on December 15, 2018, represented proceeds from Mr. Senegal's unlicensed marijuana business. Additionally, three firearms—an Anderson Manufacturing Rifle, S/N 14038246; a Davis Industries Handgun, S/N AP370753; a Springfield Armory Handgun, S/N 309393; and any and all ammunition located in Mr. Senegal's apartment—were acquired by proceeds from the same business.

5. The defendant knowingly and voluntarily:

  a. Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

   i. Anderson Manufacturing Rifle, S/N: 14038246;
   ii. Davis Industries Handgun, S/N: AP370753;
   iii. Springfield Armory Handgun, S/N: 309393;
   iv. $47,743.31; and
   v. any and all ammunition

(all of which constitutes property);

  b. Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

  c. Abandons or forfeits the property to the United States;

  d. Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

  e. Waives defendant's right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property (proceedings);

  f. Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

g. Waives any further notice to defendant, defendant's agents, or defendant's attorney regarding the abandonment or the forfeiture and disposition of the property;

h. Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

i. Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to announce the forfeiture at sentencing, and all constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property;

j. Waives defendant's right to a jury trial on the forfeiture of the property;

k. Waives all constitutional, legal, and equitable defenses and claims to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and claims and (2) defenses and claims under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

l. Agrees to the entry of an Order of Forfeiture of the property to the United States;

m. Waives the right to appeal any Order of Forfeiture;

n. Agrees the property is forfeited to the United States;

o. Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any

3

1 | other penalty the Court may impose upon defendant in addition to the abandonment or the
2 | forfeiture;

3 |       p.    Agrees and understands the USAO may amend the forfeiture order at
4 | any time to add subsequently located property or substitute property pursuant to Fed. R.
5 | Crim. P. 32.2(b)(2)(C) and 32.2(e);

6 |       q.    Acknowledges that the amount of the forfeiture may differ from, and
7 | may be significantly greater than or less than, the amount of restitution;

8 |       r.    Agrees to take all steps as requested by the USAO to pass clear title of
9 | the property to the United States and to testify truthfully in any judicial forfeiture
10 | proceedings. Defendant understands and agrees that the property represents proceeds
11 | and/or facilitating property of illegal conduct and is forfeitable. Defendant shall provide the
12 | USAO with a full and complete financial disclosure statement under penalty of perjury
13 | within 10 days of executing the plea agreement. The financial statement shall disclose to the
14 | USAO all assets and financial interests valued at more than $1,000. Defendant understands
15 | these assets and financial interests include all assets and financial interests that defendant
16 | has an interest, direct or indirect, whether held in defendant's name or in the name of
17 | another, in any property, real or personal. Defendant shall also identify all assets valued at
18 | more than $1,000 which defendant has transferred to third parties or diverted from
19 | defendant directly to third parties, since November 28, 2018, including the location of the
20 | assets and the identity of any third party; and

21 |       s.    The defendant admits the property is (1) any firearm or ammunition
22 | involved in or used in any violation of any other criminal law of the United States, 21
23 | U.S.C. § 841(a)(1) and 21 U.S.C. § 846; (2) any firearm or ammunition intended to be used
24 | in any offense punishable under the Controlled Substances Act, 21 U.S.C. § 841(a)(1) and
25 | 21 U.S.C. § 846; (3) any property, real or personal, which constitutes or is derived from
26 | proceeds traceable to violations of 21 U.S.C. § 841(a)(1), a specified unlawful activity as
27 | defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to
28 | commit such offense (4) any property constituting, or derived from, any proceeds obtained,

directly or indirectly, as the result of violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; (5) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; (6) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; and (7) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) and 881(a)(2), in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 853(p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c).

6. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

7. The Stipulation contains the entire agreement between the parties.

8. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

9. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

10. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute

related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

11. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

12. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 6/24/2020                                          DATED: _____

RAQUEL LAZO                                               NICHOLAS A. TRUTANICH
Counsel for Louis Fahim Senegal                           United States Attorney

                                                          SHAHEEN TORGOLEY
                                                          Digitally signed by SHAHEEN TORGOLEY
                                                          Date: 2020.06.24 14:17:38 -07'00'

                                                          SHAHEEN P. TORGOLEY
                                                          Assistant United States Attorney

DATED: 6/24/2020

_____ for
Louis Fahim Senegal


IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2020.

6