# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CR-062-APG-DJA |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| LOUIS FAHIM SENEGAL, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 853(p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c) based upon the plea of guilty by Louis Fahim Senegal to the criminal offense, forfeiting the property set forth in the Stipulation to Modify the Plea Agreement and the Forfeiture Allegations of the Superseding Criminal Indictment and shown by the United States to have the requisite nexus to the offense to which Louis Fahim Senegal pled guilty. Superseding Criminal Indictment, ECF No. 19; Stipulation to Modify the Plea Agreement, ECF No. 78; Preliminary Order of Forfeiture, ECF No. 85; Plea Agreement ECF No. 86; Change of Plea and Sentencing, ECF No. 87.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from July 23, 2020, through August 21, 2020, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 90-1, p. 5-7.

This Court finds the United States notified known third parties by personal service or by regular mail and certified mail return receipt requested of their right to petition the Court. USM Return, ECF No. 89; Notice of Filing Service of Process – Mailing, ECF No. 92.

On August 18, 2020, the United States Marshals Service personally served Joana Rodriguez mother of Dario Rodriguez with copies of the Preliminary Order of Forfeiture and the Notice. USM Return, ECF No. 89.

On July 24, 2020, the United States Attorney's Office served Richard John Adamik by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. The regular and certified mail were returned as return to sender as refused. Richard Adamski accepted service by signing the certified mail receipt. Notice of Filing Service of Process – Mailing, ECF No. 92-1, p. 3, 5-10; 12-15, 17-19.

On July 24, 2020, the United States Attorney's Office served Elijah Kim Werner by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process – Mailing, ECF No. 92-1, p. 3, 5-7, 12-15, 20-21.

On August 27, 2020, the United States Attorney's Office served and attempted to serve Richard Adamski (Adamiski) by regular and certified return receipt mail with the Preliminary Order of Forfeiture and the Notice. The notice of certified mail was left at the address due to no authorized recipient available, but the certified mail has not been obtained by the addressee. Notice of Filing Service of Process – Mailing, ECF No. 92-1, p. 3, 5-7, 12-15, 22-24.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

/ / /

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 853(p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

1. Anderson Manufacturing Rifle, S/N: 14038246;
2. Davis Industries Handgun, S/N: AP370753;
3. Springfield Armory Handgun, S/N: 309393;
4. $47,743.31; and
5. any and all ammunition

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law and the Stipulation to Modify the Plea Agreement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED __December 23__, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE